UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL MENA,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                          Respondents. | Case No.:  26-CV-4391 JLS (GC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Miguel Angel Mena's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).  Petitioner, a citizen of Nicaragua, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center.  Pet. ¶ 7. Petitioner alleges that he entered the United States on October 30, 2022, and was later released from custody.[1]  *Id.* ¶ 3.  Petitioner later filed an asylum application and received employment authorization.  *Id.* ¶ 5.  Respondents initiated removal proceedings, with an

---

[1] The Court notes that Petitioner did not provide any documentation of his prior parole status.  However, Respondents do not argue that Petitioner was not previously released on parole and do not oppose the Petition.  The Court thus deems this fact admitted.

1

initial hearing scheduled for August 16, 2027. *Id.* On June 29, 2026, Petitioner was detained in Florida and transferred to Otay Mesa Detention Center. *Id.* ¶¶ 6–7. Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *See generally id.*

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." Ret. at 1–2. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by <u>August 14, 2026</u>, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-4391 JLS (GC)